# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Amanda Brawner,**

      **Plaintiff,**

**v.**                                                         **Case No. 09-2073-JWL**

**Bank of America, N.A.,**

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiffs assert that defendant maintained a policy or practice of requiring nonexempt retail branch employees to perform work "off the clock" without compensation. Plaintiffs seek conditional certification of a nationwide collective class of all nonexempt retail branch employees employed by Bank of America within the last three years, a class that includes approximately 180,000 individuals.

Although plaintiffs' case was apparently the first filed, there are now 12 other cases pending in eight federal district courts alleging the same or similar violations on behalf of individuals within the scope of the class proposed in this case. Defendant now moves for a stay of all proceedings pending disposition of defendant's application to the Judicial Panel on Multidistrict Litigation (MDL) for appointment of an MDL court for all pending federal cases alleging claims similar to those asserted in this case. As will be explained, the court grants the

motion to stay.

All parties acknowledge the court's discretion in considering whether to stay the proceedings in this case. In exercising that discretion, the court notes that the clear majority of courts have "concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved" as well as the possibility of inconsistent pretrial rulings. *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (citing and collecting cases); *Lundy v. C.B. Fleet Co.*, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009); *Glazer v. Whirlpool Corp.*, 2008 WL 4534133, at *2 (N.D. Ohio Oct. 6, 2008); *Lopez v. Tyson Foods, Inc.*, 2008 WL 4186242, at *1-2 (D. Neb. Sept. 8, 2008).

In opposing the motion to stay, plaintiffs urge that defendant's motion is simply a "frantic" tactical decision because, according to plaintiffs, conditional certification of a nationwide class is "imminent." But the fact that a ruling on the motion for certification is imminent–regardless of whether the court intended to grant or deny the motion–actually weighs in favor of granting the stay. Any decision made by this court before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated. Granting the stay therefore preserves valuable judicial resources. With respect to plaintiffs' contention that defendant is simply attempting to delay conditional certification in the hopes of finding a more favorable forum, plaintiffs concerns may not be well-founded. Indeed, it may be plaintiffs who find themselves in a more favorable forum, assuming the plaintiffs in one or more of the related pending cases has come forward with stronger evidence of a corporate-wide

2

policy or practice (as opposed to a policy or practice that may be limited to defendant's Kansas City North market) of requiring nonexempt employees to work off-the-clock.

Plaintiffs also contend that they will suffer severe prejudice by the granting of the motion to stay. Current opt-in plaintiffs complain that the delay will result in lost evidence, faded memories and witnesses who are difficult to locate. In the court's experience, however, rulings from the MDL Panel are typically expeditious and the court has no reason to believe that any delay caused by the stay will be of significant duration. *See Fuller*, 2009 WL 2390358, at *1 (stay pending MDL Panel decision unlikely to cause "the degradation of memories or the loss of material evidence"). Nonetheless, to alleviate the possibility of an indefinite stay, the court will lift the stay in this case on April 19, 2010 if the MDL Panel has not issued a decision by that time.

On behalf of potential opt-in plaintiffs, plaintiffs assert that the prejudice of a stay is obvious because the statute of limitations continues to run until a consent to join form is filed, such that the court should, at a minimum, permit potential opt-ins to continue filing consent to join forms during the stay and order that the statute of limitations is tolled from the filing date of the motion to stay until the date the stay is lifted. The court declines to permit the continuous filing of consent to join forms and declines to toll, at this juncture, the statute of limitations. As indicated above, the court is not convinced that it would grant conditional certification in any event. In such circumstances, the continuous filing of consent to join forms pending the stay may result in a waste of time and expenses for plaintiffs. With respect to the statute of limitations, this court is certainly familiar with the facts surrounding the stay and, if necessary

and appropriate, can analyze at a later date whether the circumstances justify tolling the statute of limitations.

In sum, the court finds no significant prejudice to plaintiffs by granting a temporary stay pending the outcome of defendant's MDL application. Allowing pretrial proceedings to continue poses a significant risk of duplicative motions and discovery that could result in needless expenses and potentially inconsistent obligations for defendant.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a stay of all proceedings (doc. 138) is granted. The proceedings in this case are stayed until April 19, 2010 (at which time the status of the application for transfer to the MDL must be reassessed and application for stay renewed) or until the MDL Panel issues its ruling on defendant's application to transfer, whichever comes first.

**IT IS SO ORDERED.**

Dated this 21st day of December, 2009, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge